FARRELL, Senior Judge,
concurring:
I join Judge Easterly’s opinion and, in particular, its interpretation of the Board’s statutory “de novo” review obligation because, far from being unusual, that reading comports with the meaning of administrative review in analogous settings where the underlying statute provides “clear and specific directives” to govern agency action. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 411, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). Here, the PPRA and its implementing regulations clearly enjoin District agencies to formulate minimum procurement needs “in a manner designed to promote competition to the maximum extent possible.” 27 DCMR § 2500.2 (1988). The Board’s review obligation, therefore, is “to conduct ... a searching and careful evaluation of both the process the agency has followed in determining *589 [its] minimum needs and the evidence proffered to support its judgment of what the needs are.” Ante at 584.
This level of scrutiny does not require, or even allow, the Board to disregard “subjective decisionmaking” by agency officials, post at 595 (dissenting opinion), that rests on technical or scientific expertise which the Board does not possess. Specialized knowledge will underlie RFP specifications in many of the cases coming before the Board on bid protest, and the Board’s review must inevitably give recognition, even deference, to minimum need requirements reflecting that kind of knowledge. But awareness of the superior vantage-point of agencies on technical and specialized procurement matters does not license the inertia — “the essentially hands-off deference to ‘reasonable’ RFP specifications,” ante at 583 — that marks the Board’s review in this case so far. In remanding for the Board “to conduct the necessary comprehensive evaluation of the RFP,” ante at 587, we do not prejudge the outcome, but give the Board’s statutorily defined review function its natural meaning.